UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| ALVIN BRENT MORGAN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:12-CR-64-CLC-CHS-1 |
| | ) | | 1:16-CV-202-CLC |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court are Petitioner's notice of voluntary dismissal under Federal Rule of

Civil Procedure 41(a)(1)(A)(i) [Doc. 35], and the United States' motion to deny and dismiss the

same action with prejudice in light of *Beckles v. United States*, 137 S. Ct. 886 (2017) [Doc. 36].

Petitioner filed the underlying motion to vacate, set aside, or correct his sentence under

28 U.S.C. § 2255 on June 10, 2016 [Doc. 29].[1]  In it, he challenges his enhancement under

Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*,

135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting his sentence is no

longer valid because the Guidelines residual provision is equally vague)].[2]  On August 17, 2016,

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern
Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether or not
Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551
(2015).  *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016).  Consistent with that appointment, FDSET
filed the instant petition challenging Petitioner's career offender designation [Doc. 29] and a
supplement to the same [Doc. 34].

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a
firearm after having sustained three prior convictions "for a violent felony or a serious drug
offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).
The statute defines "violent felony" as  "any crime punishable by imprisonment for a term
exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of

the United States requested that the Court defer ruling on the petition until the Supreme Court addressed whether the guidelines were subject to void for vagueness attack and, if so, whether that new rule applied retroactively on collateral review [Doc. 33 ("[I]n the interests of justice, and in an effort to promote judicial economy, the United States asks this Court to defer ruling on Petitioner's pending § 2255 motion until the Supreme Court decides *Beckles*, after which the United States will file a supplemental response.")]. That motion has not yet been resolved.

On March 6, 2017, the Supreme Court held in *Beckles* that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. at 894. Shortly thereafter, this Court received the notice of voluntary dismissal and motion to deny and dismiss [Docs. 35, 36].

## I.    NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a movant may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Subsection (B) states the following:

---

physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., an adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal—or state—court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B). By contrast, Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Because properly filed notices of voluntary dismissal are self-effectuating, the issue before this Court is whether Petitioner retains his unilateral rights under Rule 41(a)(1), or is limited to the procedures available under Rule 41(a)(2). The answer depends on whether any of the filings that the United States submitted prior to the notice constitute an "answer" or "motion for summary judgment" under Rule 41(a)(1)(A)(i).

As an initial matter, binding Sixth Circuit precedent prevents this Court from construing the United States' motion to deny and dismiss with prejudice as an answer or a motion for summary judgment for purposes of Rule 41(a)(1)(A)(i). *See, e.g.*, *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) ("[W]e decline to agree with the District Court's action and follow those cases which 'treat' motions to dismiss filed pursuant to Rule 12(b)(6) as summary judgment motions for purposes of barring voluntary dismissal."). All that remains is the motion to defer [Doc. 33].

According to Rule 5 of § 2255 Proceedings, answers to petitions for collateral relief must: (1) "address the allegations in the motion;" (2) "state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules;" and (3) specify "whether the moving party received an evidentiary hearing."

The United States' motion to defer does none of the above. While it acknowledges the Sixth Circuit extended *Johnson* to the Guidelines residual clause in *Pawlak v. United States*, 822 F.3d 902 (6th Cir. 2016), and argues Petitioner still "ha[d] not shown . . . that *Johnson* applies retroactively to the Guidelines on collateral review," it does so only as justification for why this Court should defer ruling and additional briefing until the Supreme Court's potentially dispositive ruling in *Beckles* [Doc. 33 pp. 1–3 ("[T]he Sixth Circuit has consistently emphasized that the issue will be decided by . . . *Beckles* . . . [and] urged . . . motions raising that issue [be held] in abeyance.")]. Unlike the "response[s] in opposition" filed by the United States in a majority of this district's *Johnson*-based collateral challenges, the motion to defer includes neither a lengthy discussion of constitutional vagueness and retroactivity nor any application of categorical and modified categorical approaches to the prior convictions that Petitioner claimed no longer qualified as crimes of violence. For these reasons and because the motion focuses on the need to defer ruling instead of the need to grant or deny relief, the Court declines to construe it as an answer or motion for summary judgment under Rule 41(a)(1)(A)(i). *Accord Brown v. T-Ink, LLC*, No. 07-cv-13111, 2007 WL 4098207, at *4 (E.D. Mich. Nov. 16, 2007) ("'[M]otion to compel arbitration and stay proceedings is not the equivalent of an answer or a motion for summary judgment' under Rule 41(a)(1)." (quoting *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987)); *see also Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978) (holding that motion to stay was not the equivalent of an answer or motion for summary judgment because "[m]erits of the controversy are not to be considered by the court" (internal quotation and citation omitted)).

Because the Court finds that Petitioner filed his notice of voluntary dismissal [Doc. 35] before the United States filed an answer or a motion for summary judgment within the meaning

of Rule 41(a)(1)(A)(i), that "notice of dismissal is self-effectuating, leaving no basis upon which [this Court] can prevent . . . dismiss[al] without prejudice." *Aamot*, 1 F.3d at 445; *see also Ames v. Ethicon Endo-Surgery, Inc.*, No. 11-2942, 2012 WL 215234, at *1 (W.D. Tenn. Jan. 24, 2012) ("Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands: once [a] plaintiff gives his notice, the lawsuit is no more." (quoting *Aamot*, 1 F.3d at 444)); *White v. Berkebile*, No. 5:09-cv-0796, 2009 WL 6700835, at *2–3 (S.D.W.V. Dec. 4, 2009) (dismissing § 2255 motion without prejudice where the petitioner filed a notice of voluntary dismissal before the United States filed a response in opposition or in support of the collateral relief requested).

## II.   MOTION TO DENY AND DISMISS WITH PREJUDICE

As discussed, a petitioner may voluntarily dismiss his or her § 2255 motion without an order of the district court by filing a notice of dismissal at any time before service of an answer or motion for summary judgment by the United States, whichever occurs first. *Ames*, 2012 WL 215234, at *1. The Sixth Circuit held that this rule should be "taken at face value" and that district courts should assume the rule "means what it says." *Aamot*, 1 F.3d at 444 (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1997)). Because Rule 41(a)(1)(A)(i) "does not sanction a case-by-case analysis of the amount of effort expended by the [United States]" and the instant action was "no more" after submission of the notice of voluntary dismissal, *Ames*, 2012 WL 215234, at *1, the United States' motion to deny and dismiss [Doc. 36] must be denied as moot.

## III.   CONCLUSION

For the foregoing reasons, the Clerk's Office will be **DIRECTED** to terminate Petitioner's supplemented § 2255 petition [Docs. 29, 34] and the civil action associated therewith [E.D. Tenn. Case No. 1:16-CV-202-CLC]. The dismissal will be without prejudice. The United

5

States' motion to defer ruling [Doc. 33] and motion to deny and dismiss [Doc. 36] will both be

**DENIED as moot**.

    **An appropriate order will enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
